T.C. Summary Opinion 2010-89

UNITED STATES TAX COURT

LEROY AND ELAINE G. DAVIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4256-04S.                    Filed July 7, 2010.

Leroy Davis, pro se.

<u>Emile L. Hebert, III</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

-----

[1]Subsequent section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period. Rule references are to the Tax Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

In two separate notices of deficiency, both dated December 8, 2003, respondent determined deficiencies, additions to tax, and penalties with respect to petitioners' Federal income taxes for 1997 through 2000, inclusive.

Most of the adjustments, including the imposition of the additions to tax and penalties, made in the notices of deficiency have been resolved by the parties. The parties now dispute only whether certain trade or business expenses deducted on Schedules C, Profit or Loss From Business, included with petitioners' 1997, 1998, 1999, and 2000 Federal income tax returns should be treated instead as unreimbursed employee business expenses. The resolution of the dispute depends upon whether services provided as a city councilman (Leroy Davis) or services provided as a member of a city's school board (Elaine G. Davis) were so provided as employees of the city.

## Background

Some of the facts have been stipulated and are so found. Petitioners are, and have been at all times relevant, married to each other. At the time the petition was filed, they resided in Louisiana.

In 1990 Mr. Davis was appointed to serve as a councilman for the city of Baker, Louisiana (City). He was subsequently

reelected to the position and served as a City councilman at all times relevant to this proceeding. As a City councilman, Mr. Davis incurred and paid certain expenses that respondent concedes are deductible as trade or business expenses. For each year, those expenses exceeded the compensation that he received from City as one of its councilmen.

During 1999 and 2000 Mrs. Davis served on City's school board. As a member of the school board, she incurred and paid certain expenses that respondent concedes are deductible as trade or business expenses. For each year, those expenses exceeded the compensation she received from City as a member of its school board.

Neither petitioner was compensated on a fee basis by City; each received a salary fixed by law. City treated each petitioner as an employee for purposes of employment taxes and Federal tax withholdings. For each year, the compensation City paid to each petitioner was reported and shown as "wages" on a Form W-2, Wage and Tax Statement. As a City councilman, Mr. Davis participated in a retirement system offered to City employees, but City councilmen elected after a certain date are no longer eligible to participate in that retirement system.

Petitioners' joint Federal income tax return for each year in issue was timely filed. Each of those returns includes a Schedule A, Itemized Deductions, and each return, as applicable

for that year, includes a Schedule C on which the income and deductions related to their respective public offices are shown.

The adjustments made in the notices of deficiency that remain in dispute reflect respondent's determination that for each year, as a City councilman and a member of City's school board each petitioner was a City employee.

## Discussion

Generally, the proper treatment of an individual's business expense deductions for Federal income tax purposes depends upon the individual's worker classification as either an employee or a nonemployee.

The manner in which each petitioner treated compensation received from City for each year shows that they consider themselves to have earned that compensation as nonemployees or, for purposes of our discussion, independent contractors.

Income and deductions attributable to the trade or business of an individual who performs services as an independent contractor are shown on a Schedule C. The resultant net profit or loss shown on the Schedule C is taken into account in the computation of adjusted gross income. Sec. 62(a)(1).

According to respondent, as applicable for each year, each petitioner was a City employee, not an independent contractor. According to respondent, the income received and expenses

incurred by either petitioner as a City councilman or a school board member must be treated accordingly.

Generally, income earned as an employee is treated and reportable as "wages" on the employee's Federal income tax return. Ignoring exceptions not relevant here, employee business expenses, to the extent not reimbursed by an employer and subject to certain limitations, must be deducted on a Schedule A as miscellaneous itemized deductions. Secs. 62(a)(2), 63(a), (d), 67(a) and (b), 162(a).

If petitioners are treated as employees rather than independent contractors, certain consequences, no doubt viewed as negative by petitioners, follow: (1) Petitioners' trade or business expense deductions would be limited by section 67(a); (2) their otherwise allowable itemized deductions might be reduced/limited as provided in section 68 (taking into account their adjusted gross income); and (3) they might be subject to an alternative minimum tax liability because miscellaneous itemized deductions are not taken into account in the determination of a taxpayer's alternative minimum taxable income. See sec. 56(b)(1)(A)(i); Johnson v. Commissioner, T.C. Memo. 1993-530.[2]

---

[2]On the other hand, it should be noted that treating each petitioner as an independent contractor rather than an employee could, under circumstances not present here, result in "negative" consequences as well--the imposition of the tax on the "net earnings from self-employment" each received from City. See secs. 1401 and 1402.

Under the circumstances of this case, the worker classification of each petitioner is informed by the same controlling principles. It is unnecessary to consider each petitioner separately. Instead, the following discussion will apply to both with respect to the public office held by each.

Generally, for Federal tax purposes, questions involving worker classification are resolved with reference to common law principles of agency. See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-325 (1992); Weber v. Commissioner, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995); Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988). Determining a worker's classification generally takes into account factors such as: (1) The degree of control exercised by the principal over the detail of the work; (2) which party invests in the work facilities used by the worker; (3) the opportunity of the hired worker for profit or loss; (4) whether the principal can discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; (7) the relationship the parties believed they were creating; and (8) the provision of employee benefits that the principal typically provides to employees. See NLRB v. United Ins. Co. of Am., 390 U.S. 254, 258 (1968); United States v. Silk, 331 U.S. 704 (1947); Avis Rent A Car Sys., Inc. v. United States, 503 F.2d 423, 429 (2d Cir.

1974); Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 270 (2001); Weber v. Commissioner, supra at 387; Rosato v. Commissioner, T.C. Memo. 2010-39.

All things considered, we find that for Federal income tax purposes, attempting to establish the worker classification of a public official by the application of the above-referenced factors is somewhat like forcing round pegs into square holes. Instead, we note that for employment tax purposes, the definition of "employee" includes a public official. See sec. 3401(c). Furthermore, for income tax purposes, only a public official who is compensated on a fee basis may deduct business expenses as an "independent contractor", that is, on a Schedule C rather than a Schedule A. See sec. 62(a)(2)(C). Lastly, for purposes of civil tort liability, each petitioner would be treated as an employee of City. See La. Rev. Stat. Ann. sec. 42:1441.3 (2006).

In determining the worker classification of each petitioner, we are more influenced by the statutory provisions referenced in the preceding paragraph than we are by the application of the above-listed common law factors to their respective public offices. These statutory provisions, when considered together, strongly suggest that consistent with their treatment for employment tax purposes, petitioners, as public officials, should be treated as employees of City for Federal income tax purposes as well. Petitioners' evidence and arguments that focus

exclusively on the application of the common law factors do not persuade us to rule in a manner inconsistent with this suggestion. We find that for purposes relevant here, each petitioner is treated as an employee of City.

Because neither petitioner was compensated on a fee basis by City, the business expenses they incurred in their respective public offices must be deducted accordingly; that is, on a Schedule A as unreimbursed employee business expenses. See secs. 62(a)(1), 63(d), 67(a). Respondent's determination that provides for that treatment is therefore sustained.

On the basis of the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.